UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ZACHARY OBANNON SMITH,

    Plaintiff,

v.                                Case No: 2:14-cv-303-FtM-29CM

STEPHEN MARESCA, Asst. State Prosecutor, STEPHEN B. RUSSELL, State Prosecutor, and DON HUNTER, Sheriff, Collier County,

    Defendants.

_____

**<u>ORDER OF DISMISSAL</u>**

This matter comes before the Court upon periodic review of the file. Zachary Obannon Smith ("Plaintiff"), a prisoner currently incarcerated at the Wakulla Correctional Institution in Crawfordville, Florida, initiated this action against Assistant State Prosecutor Stephen Maresca, State Prosecutor Stephen B. Russell, and Collier County Sheriff Don Hunter by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 (Doc. 1, filed June 4, 2014). Plaintiff has also filed a motion to proceed *in forma pauperis* (Doc. 2).

Because Plaintiff seeks to proceed *in forma pauperis*, the Court must review his complaint to determine whether it is frivolous, malicious, or fails to state a claim upon which relief may be granted. See 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii). In

essence, § 1915(e)(2) is a screening process to be applied *sua sponte* and at any time during the proceedings.

For the reasons set forth in this Order, Plaintiff's complaint is **DISMISSED** for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B).

## I.   Complaint

The facts underlying Plaintiff's claims are alleged as follows:

On April 28, 2007, Plaintiff was arrested and incarcerated at the Naples Jail for trafficking of cocaine, possession of marijuana and the sexual battery of a fifteen year old (Doc. 1 at 8). However, Plaintiff was mistakenly charged with sexual battery of a victim under the age of twelve. Id.  The following day, the state court found probable cause to hold Plaintiff on the offenses, and bond was set at $25,000 for the trafficking charge, $1000 for the possession charge, and $150,000 for the sexual battery charge. Id. at 9.  Plaintiff was held in a special segregation unit for the sexual battery offense. Id.

On May 31, 2007, Defendant Maresca filed notice with the Clerk of Court that the booking charge of sexual battery on a victim less than twelve years old was amended to lewd and lascivious battery of a victim over twelve, but less than sixteen (Doc. 1 at 9).  On the same day, Defendant Maresca, at the direction of Defendant Russell, filed a formal information charging Plaintiff

with lewd and lascivious battery of a victim over twelve, but less than sixteen. Id. Plaintiff asserts that these defendents "under guise of amendment of charge, concealed the fact they were in fact charging a wholly new offense requiring a judicial determination of probable cause by a neutral and detached party and that said determination was made by them." Id. at 10.

Plaintiff anticipated having the mistaken charge of sexual battery of a victim less than twelve dismissed on the ground that there was no factual basis or material witness to support the charge (Doc. 1 at 9). However, because the information was corrected to charge Plaintiff with lewd and lascivious battery of a victim over twelve but less than sixteen, Plaintiff was unable to have the sexual battery charge dismissed (Doc. 1 at 9). Plaintiff was unable to pay the $150,000 bond and was "unconstitutionally incarcerated under a wholly new offense from about May 11, 2007 [through] May 22, 2008[.]" (Doc. 1 at 10). Petitioner also asserts that the amendment of the information "caused" him to plead guilty to the amended sexual battery charge. Id. at 11.

Plaintiff asserts that neither Defendants Maresca, Russell, nor Collier County Sheriff Don Hunter made any effort to correct Plaintiff's unconstitutional incarceration (Doc. 1 at 12). As a result, Plaintiff has suffered great emotional pain, headaches, mental anguish, and humiliation. Id. Plaintiff also has suffered

from the loss of finances, friends, his job, and his residence. <u>Id.</u>

Plaintiff seeks compensatory and punitive damages against all defendants (Doc. 1 at 13).

## II. **Legal Standards**

A federal district court is required to review a civil complaint filed *in forma pauperis* and to dismiss any such complaint that is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915. The mandatory language of 28 U.S.C. § 1915 applies to all proceedings *in forma pauperis*. Section 1915 provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that-
>
> > (A) the allegation of poverty is untrue; or
> >
> > (B) the action or appeal-
> >
> > > (i) is frivolous or malicious;
> > >
> > > (ii) fails to state a claim on which relief may be granted; or
> > >
> > > (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

A complaint may be dismissed as frivolous under § 1915(e)(2)(B)(i) where it lacks an arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit or the claim seeks to enforce a right that clearly does not exist. Id. at 327. In making the above determinations, all factual allegations in the complaint must be viewed as true. Brown v. Johnson, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, the Court must read the plaintiff's *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972).

**III. Analysis**

To state a claim under § 1983, a plaintiff must allege that: (1) a violation of a specific constitutional right or federal statutory provision; (2) was committed by a person acting under color of state law. Doe v. Sch. Bd. of Broward County, Fla., 604 F.3d 1248, 1265 (11th Cir. 2010). Construing Plaintiff's claims in a liberal fashion, the Court determines that he seeks damages from the defendants because he was unable to afford bail on the improperly amended sexual battery charge to which he ultimately pleaded guilty and was consequently falsely imprisoned at the Collier County Jail from May 31, 2007 through May 22, 2008.

> **a.  *Plaintiff's claims against all the defendants are barred by Florida's four-year statute of limitations for personal injury actions***

The United States Supreme Court has recognized that § 1983 claims are subject to the state limitations period governing personal injury claims. Wilson v. Garcia, 471 U.S. 261, 276–79 (1985); Mullinax v. McElhenney, 817 F.2d 711, 716 n.2 (11th Cir. 1987).  Under Florida Statute § 95.11(3)(o), an action for false imprisonment must be commenced within four years.

Defendant Maresca allegedly improperly amended the charging documents against Plaintiff on May 31, 2007.  Plaintiff had four years from that date to allege any viable claims against the defendants in a 42 U.S.C. § 1983 action.  That time period expired on May 31, 2011.  The instant action was not signed by Plaintiff until May 29, 2014, almost three years past the expiration of the time to file a false imprisonment action (Doc. 1 at 4)

"The expiration of the statute of limitations is an affirmative defense the existence of which warrants a dismissal as frivolous." Clark v. Ga. Pardons & Paroles Bd., 915 F.2d 636, 640 n.2 (11th Cir. 1990) (internal citation omitted).  Accordingly, all claims raised in this complaint are dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

> **b.    *Defendants Maresca and Russell are immune from suit for actions taken while acting in their roles as state prosecutors***

Even if Plaintiff could argue that his claims for false imprisonment are not barred by the statute of limitations, the actions that form the basis of Plaintiff's claims against

Defendants Maresca and Russell were taken while they were acting in their roles as state prosecutors.

Prosecutors are immune from § 1983 suits in their individual capacities for actions that are within the scope of their prosecutorial duties. Quinn v. Roach, 326 F. App'x 280, 292 (5th Cir. 2009) (citing Brooks v. George County, Miss., 84 F.3d 157, 168 (5th Cir. 1996)) (citing Imbler v. Pachtman, 424 U.S. 409, 430–31 (1976)). "Prosecutorial immunity has been extended to a prosecutor's actions in initiating, investigating, and pursuing a criminal prosecution." Id. (citing McGruder v. Necaise, 733 F.2d 1146, 1148 (5th Cir. 1984); Cook v. Houston Post, 616 F.2d 791, 793 (5th Cir. 1980)). The decision to file criminal charges is protected by prosecutorial immunity. Id. (citing Oliver v. Collins, 904 F.2d 278, 281 (5th Cir. 1990)). Moreover, "prosecutors . . . are entitled to absolute immunity from suit for exercising their discretion to bring charges during the judicial phase of the criminal process, even if the decision is made maliciously." Omegbu v. Milwaukee County, 326 F. App'x 940, 942 (7th Cir. 2009) (citing Imbler, 424 U.S. at 428–29(1976); Hartman v. Moore, 547 U.S. 250, 261–62 (2006); Spiegel v. Rabinovitz, 121 F.3d 251, 256–57 (7th Cir. 1997)).

Plaintiff's claims against Defendants Maresca and Russell consist of allegations that they amended the information against him to conform with the sexual battery charge for which he was

initially arrested.[1] The amendment of a charging information is the type of action which prosecutors perform in the scope of their prosecutorial duties. See Lloyd v. Foster, 298 F. App'x 836, 839 (11th Cir. 2008) (the signing of informations is a function within the scope of a prosecutor's duties).

The Court concludes that Defendants Maresca and Russell are entitled to immunity from the claims Plaintiff alleges against them. Accordingly, the claims against these defendants are also dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

## IV. Conclusion

The allegations set forth in Plaintiff's complaint are frivolous and provide no basis for 42 U.S.C. § 1983 recovery. Therefore, the complaint is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (iii).

ACCORDINGLY, it is hereby **ORDERED:**

1. Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2) is **DENIED.**

---

[1] Plaintiff does not assert that he was not guilty of the sexual battery charge to which he eventually pleaded guilty and for which he is now incarcerated. Rather, Plaintiff appears to argue that he should have been allowed to benefit from the state's initial mistake of charging him with the wrong count of sexual battery of a victim less than twelve years old. Specifically, Plaintiff asserts that "[a]s a result of said battery being wrong offense charged, Plaintiff anticipated and prepared to make bond on the trafficking and marijuana possession [charges] and have said battery dismissed on the grounds there was no factual basis nor material witness to support it." (Doc. 1 at 9).

    2.    Plaintiff's 42 U.S.C. § 1983 complaint is **DISMISSED** as frivolous under 28 U.S.C. §§ 1915(e)(2)(B)(i) and (iii).

    3.    The **Clerk of the Court** is directed to terminate all pending motions, to close this case, and to enter judgment accordingly.

    **DONE** and **ORDERED** in Fort Myers, Florida on this   11th   day of June, 2014.

                                        JOHN E. STEELE
                                        UNITED STATES DISTRICT JUDGE

SA: OrlP-4 6/11/14
Copies: Zachary O. Smith